UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL SALAMI,

        Plaintiff,                   Case No. 1:20-cv-541

v.                                   Honorable Paul L. Maloney

KYLE SPERLING et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Corizon Healthcare, Inc. The Court will serve the complaint against Defendants Kyle Sperling and Unknown Party #1.

**Discussion**

I.   **Factual allegations**

Plaintiff Michael Salami is a transgender female.  She is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Montcalm County, Michigan.  The events about which she complains occurred at that facility. Plaintiff sues DRF Physician Assistant Kyle Sperling and DRF Registered Nurse Unknown Party #1.  Plaintiff also sues Corizon Healthcare, Inc., the entity providing healthcare services to state prison inmates under a contract with the MDOC.

Plaintiff alleges that she was assaulted and involved in a physical altercation with her cellmate.  Plaintiff's cellmate punched Plaintiff in the head and spat on Plaintiff.  Plaintiff elbowed her cellmate in the jaw twice and grabbed her cellmate's hair.  Plaintiff cellmate bit Plaintiff, breaking the skin on Plaintiff's left arm.  Plaintiff kneed her cellmate in the skull several times.  Plaintiff's cellmate slammed Plaintiff's skull into a door and a metal locker, busting open Plaintiff's left eyelid and injuring Plaintiff's thumb.  Plaintiff lost consciousness.  Guards then intervened and escorted both combatants to segregation.

Defendant Registered Nurse Unknown Party #1 visited Plaintiff in segregation. The nurse visually inspected Plaintiff's injuries but, according to Plaintiff, refused to clean Plaintiff's wounds or provide bandages, disinfectant, or pain pills.

Defendant Sperling visited Plaintiff in segregation on an unknown date.  Plaintiff complained that she was coughing up blood and needed pain relievers and bandages.  Sperling responded that he was aware of Plaintiff's "issues" but stated that she was "healing" and walked away.

Plaintiff sent multiple requests for treatment thereafter. She claims that Defendant Sperling denied proper care.

Plaintiff claims that she now suffers back pain, headaches, nausea, neck pain, black-outs, and mini-seizures. Despite those symptoms, however, neither the nurse nor Sperling provided appropriate medical treatment.

Plaintiff seeks declaratory relief, injunctive relief requiring diagnostic tests and treatment for her symptoms, and compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.   Corizon

Plaintiff makes no factual allegations against Defendant Corizon. She merely makes a conclusory assertion that Corizon is a third-party contractor that provides medical care to MDOC inmates.

A private entity which contracts with the state to perform a traditional state function like providing healthcare to inmates—like Corizon—can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins,* 487 U.S. 42, 54 (1988)). The requirements for a valid § 1983 claim against a municipal authority apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.,* 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 817-18 (6th Cir. 1996) (same); *Rojas v. Alexander's Dep't Store, Inc.,* 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson,* 579 F. Supp. 2d 831, 851-52 (E.D. Mich. 2008) (same).

4

Consequently, Corizon, like a governmental entity, may be held liable under § 1983 if it actually caused the constitutional deprivation. *See id.* (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). Liability in a § 1983 action cannot be based on a theory of *respondeat superior. Id.* "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the [entity] may be held liable under § 1983." *Id.* (quoting *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (internal quotation marks omitted). A custom is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 404 (1997). Moreover, the policy or custom "must be the moving force of the constitutional violation." *Searcy,* 38 F.3d at 286 (internal quotation marks omitted). In this case, Plaintiff fails to allege any specific facts regarding Defendant Corizon's customs or policies. Accordingly, she has failed to state a claim against Corizon.

**IV.     Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In

5

other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cty.*, 534 F.3d 531, 540 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Cty. Of Saginaw*, 749 F.3d 437, 466, 451 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be

6

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006);

7

*Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Plaintiff contends that she was completely denied medical care despite her obvious injuries and serious symptoms. Accordingly, the Court concludes she has sufficiently alleged Eighth Amendment violations against Defendants Sperling and Unknown Party #1.

## V.     Pending motions

Plaintiff has moved the Court to order service of the complaint personally by the United States Marshal rather than first seeking a waiver of service under Federal Rule of Civil Procedure 4(d). (Mot., ECF No. 3.) Plaintiff seeks this relief to avoid the extended time afforded to Defendants to answer the complaint—60 days—where they have waived service. Fed. R. Civ. P. 4(d)(3).

The purpose of seeking a waiver is to "avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Plaintiff is indigent and asks the Court to bear the costs of service. Therefore, the Court will not forego the cost-saving provisions of the service waiver. Plaintiff's motion for personal service will be denied.

Plaintiff has also moved the Court to secure items of evidence: video recording of the assault, medical records, the segregation log book, and the "lock-history" log book. (Mot.,

ECF No. 4.)  Plaintiff's motion is premature.  After Defendant Sperling has been served, discovery may proceed in accordance with the Court's standard case management order and Plaintiff may seek an order preserving evidence.  Plaintiff's motion, therefore, will be denied without prejudice.

Finally, Plaintiff has moved the Court for an interpreter under the Americans with Disabilities Act.  Plaintiff is an experienced litigator in this Court.  She unquestionably is a strong communicator in English when writing, and she has repeatedly demonstrated an understanding of the Court's opinions and orders.  Nonetheless, Plaintiff indicates that she has a hard time when speaking English.  Accordingly, she requests an English/Romanian interpreter for hearings, pretrial matters, and trial.  The Court will deny Plaintiff's motion without prejudice to its renewal when such hearings, pretrial matter, or trial become necessary.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Corizon Healthcare, Inc. will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's Eighth Amendment claims against Defendants Kyle Sperling and Unknown Party #1 remain in the case.  The Court will serve the complaint against Defendant Sperling.  Plaintiff has not provided sufficient information to permit the Court to order service on Unknown Party #1.  The Court will deny Plaintiff's motion to personally serve the complaint and deny without prejudice to renewal Plaintiff's motions to preserve evidence and for an interpreter.  An order consistent with this opinion will be entered.

Dated:  June 25, 2020                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge