UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>ICHAEL</small> S<small>ALAMI</small>, #879045,

       Plaintiff,                                 Hon. Paul L. Maloney

v.                                                 Case No. 1:20-cv-541

K<small>YLE</small> S<small>PERLING</small>, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied without prejudice in part.

**BACKGROUND**

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). Plaintiff, a transgender female, was assaulted by her cellmate on March 3, 2020. Shortly thereafter, Plaintiff was examined by a Registered Nurse who refused Plaintiff's requests for medical treatment. On an "unknown date," Plaintiff requested medical treatment from Physician's Assistant Kyle Sperling who likewise refused Plaintiff's request. On an unspecified subsequent date, Plaintiff requested medical treatment from P.A. Sperling who again refused Plaintiff's request.

-1-

Plaintiff initiated this action against (1) the unnamed nurse who refused her request for medical care on March 3, 2020; (2) P.A. Sperling; and (3) Corizon Healthcare, Inc. Plaintiff alleges that Defendants violated her Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's claims against Corizon were dismissed on screening. Plaintiff has yet to identify the unknown nurse. Defendant Sperling now moves to dismiss Plaintiff's claims on the ground that she has failed to properly exhaust her administrative remedies. Plaintiff has responded to the present motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*,

440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S.

199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but

concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of his motion, Defendant has submitted evidence that Plaintiff, prior to filing the present action, pursued through all three steps of the grievance process six grievances regarding her medical care.  (ECF No. 19 at PageID.138).  Of these six grievances, five concern matters occurring before the events giving rise to the present action.  (ECF No. 19 at PageID.160-79).  Thus, none of these five grievances serve to exhaust Plaintiff's claims against Defendant Sperling.  The analysis regarding the sixth of these grievances is a bit more complicated, however.

On March 4, 2020, Plaintiff filed a grievance (DRF-20-03-600-28i) alleging that Defendant Sperling denied her medical care after being assaulted the previous day. (ECF No. 19 at PageID.158).  Plaintiff's grievance was rejected at Step I because Plaintiff, prior to filing the grievance, allegedly "failed to attempt to resolve issue," as required by MDOC policy.  (*Id.*).  This determination was upheld at Steps II and III of the grievance process.  (ECF No. 19 at PageID.155-57).  Plaintiff argues that her

grievance was improperly rejected and, therefore, that her claims against Defendant Sperling should be considered properly exhausted. As discussed herein, the Court partly agrees.

In response to discovery requests, Defendant Sperling stated that he did not have in his "possession, custody, or control" any emails or text messages regarding the grievance in question. (ECF No. 27 at PageID.232-34). Defendant further asserted that "he was not aware of this grievance prior to receiving Plaintiff's instant discovery request." (ECF No. 27 at PageID.233-34). Interpreting this evidence in a manner most favorable to Plaintiff supports the conclusion that the person who rejected Plaintiff's Step I grievance did so based solely on the content of the grievance and without any input or confirmation from Defendant Sperling. A review of the grievance, however, reveals that its rejection was improper.

Near the top of the Step I grievance form is a section for the grievant to specifically describe the efforts she made "to resolve this issue prior to writing this grievance." (ECF No. 19 at PageID.158). In response to this query, Plaintiff stated that she spoke with Defendant Sperling on March 4, 2020, regarding her "symptoms" and "requests" for medical care. According to Plaintiff, Defendant Sperling responded that he was "aware of [Plaintiff's] issues," but nevertheless denied Plaintiff's request for treatment. Plaintiff then cited to MDOC Policy Directive 03.02.130 ¶ Q, the provision, which requires prisoners to "attempt to resolve the issue" prior to submitting a grievance. (*Id.*).

The Court is reluctant to interject itself into the MDOC's prison grievance process. Nevertheless, courts are not obligated to simply disregard errors or mistakes in the enforcement or application of prison grievance policies. *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied after finding that MDOC "improperly rejected" prisoner's grievance)[1]; *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied in part after finding that MDOC "improperly rejected" prisoner's grievance)[2].

As described above, Plaintiff stated the efforts she made to resolve her issue prior to submitting her grievance. It is not reasonable to conclude that Plaintiff's efforts constitute a failure to attempt to resolve her issue prior to filing a grievance. Moreover, even if Plaintiff's comments are considered ambiguous and/or unclear, the grievance respondent could have clarified the matter by contacting Defendant Sperling. As already noted, however, there is no evidence that such an attempt was made. The Court finds, therefore, based on the present record, that the determination that Plaintiff failed to attempt to resolve this matter prior to filing her grievance is improper. Accordingly, the Court finds that grievance DRF-20-03-600-28i was improperly rejected. Plaintiff

---

[1] This recommendation was adopted as the opinion of the Court after no party objected thereto. *Burnett v. Walsh*, 2020 WL 3639564 (E.D. Mich., July 6, 2020).

[2] This recommendation was adopted as the opinion of the Court after no party objected thereto. *Ashley v. Boayue*, 2020 WL 4282198 (E.D. Mich., July 27, 2020).

has not identified any other grievances she filed regarding the allegations in her complaint. Thus, except as to the matters addressed by grievance DRF-20-03-600-28i, Defendant has demonstrated that Plaintiff failed to exhaust her administrative remedies. This does not end the analysis, however.

In grievance DRF-20-03-600-28i, Plaintiff alleges that Defendant Sperling denied her medical treatment on March 3, 2020. It is not clear, however, whether Plaintiff's complaint even encompasses such a claim. In her complaint, Plaintiff alleges that Defendant Sperling denied her medical treatment on multiple occasions. But Plaintiff fails to specify the date(s) on which such allegedly occurred. Thus, it is not clear whether the allegations in grievance DRF-20-03-600-28i serve to exhaust any of Plaintiff's claims against Defendant Sperling.

This apparent conundrum must be resolved by looking to the party who presently bears the burden: the Defendant. Considering such, as well as the analysis herein, the undersigned recommends the following. To the extent Plaintiff alleges that Defendant Sperling denied her medical treatment on March 3, 2020, the undersigned recommends that Defendant's motion be denied. But, to the extent Plaintiff alleges that Defendant Sperling denied her medical treatment on any date other than March 3, 2020, the undersigned recommends that Defendant's motion be granted. Stated differently, Defendant has not established that Plaintiff's complaint does not encompass the claim that Defendant denied Plaintiff medical treatment on March 3, 2020. Thus, the Court

simply cannot conclude that Plaintiff has failed to assert a claim against Defendant Sperling that has not been properly exhausted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 19), be granted in part and denied without prejudice in part as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                      Respectfully submitted,

Date: November 19, 2020                /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge