UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SALAMI, #879045, ) | |
| Plaintiff, ) | |
| ) | No. 1:20-cv-541 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| KYLE SPERLING, *et al.*, ) | |
| Defendants. ) | |
| ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights lawsuit under 28 U.S.C. § 1983. Specifically, Plaintiff alleges Defendant Sperling failed to provide requested medical treatment.

Defendant Sperling filed a motion for summary judgment asserting that Plaintiff failed to exhaust administrative remedies. (ECF No. 19.) The Magistrate Judge issued a report recommending that the Court deny Defendant's motion. (ECF No. 30.) Defendant filed objections. (ECF No. 31.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court must briefly summarize the administrative record. Plaintiff submitted a grievance (DRF-20-03-600) on March 4, 2020, alleging an assault on March 3. (ECF No. 19-2 PageID.158.) Under the section of the grievance that asks "What attempt did you make to resolve this issue prior to writing this grievance? On what date?" Plaintiff wrote

> March 4, 2020. I talked to PA Kyle Sperling while he did his seg rounds and I explained my symptoms/requests and he stated (we are aware of your issues; . . . ) but never got medication or an . . . ."

(*Id.*) Immediately below, in the section of the grievance that begins "State problem clearly," Plaintiff wrote "This Grievance is filed against CPA Sperling Kyle for denying me proper medical care as on the date of March 3, 2020." (*Id.*)

In the Court's experience, by comparison to other grievances, Plaintiff provided some of the more pointed answers to these two prompts. The answers are succinct, articulate and coherent. And, importantly, Plaintiff's responses provide the information required by the prompts.

Inexplicably, MDOC rejected the grievance on procedural grounds. At Step I, MDOC wrote "Rejected failed to attempt to resolve the issue." (PageID.158.) Plaintiff filed a Step II appeal. Plaintiff wrote "I believe the findings of this Step I are false. I specified in the Step I (I talked to PA Sperling directly). . . ." (*Id.* PageID.156.) MDOC again rejected the grievance at Step II. MDOC wrote "After review, your Step I grievance has been investigated and the response that you received at Step I thoroughly and adequately addresses your issue."[1] (*Id.* PageID.157.) Plaintiff filed a Step III appeal, which was also rejected.

---

[1] Even if, somehow, the eight-word denial could be characterized as thorough, the MDOC's response cannot be characterized as accurate.

In his motion, Defendant argues MDOC properly rejected the grievance because Plaintiff did not "explain *how*" Plaintiff attempted to resolve the issue before filing the grievance. (ECF No. 19 PageID.141 italics in original.) Of course, the rejection at Step I speaks for itself and completely undermines Defendant's argument. Defendant's attempt and a nuanced argument on summary judgment concedes that an attempts was made, and asserts that the grievance failed to sufficiently explain the attempt. But, MDOC rejected the grievance because, allegedly, no attempt was made at all and not because Plaintiff failed to explain the attempt.

Objection 1. Defendant argues that the Magistrate Judge erred by requiring an investigation prior to rejecting a grievance. (ECF No. 31 PageID.254 "The Magistrate Judge erred in concluding that an investigation . . . ."). This objection is overruled. Defendant's first objection misrepresents the conclusions in the Report and Recommendation. The Magistrate Judge concludes Plaintiff did identify the efforts made to resolve the issue prior to submitting the grievance and that "[i]t is not reasonable to conclude that Plaintiff's efforts constitute a failure to attempt to resolve her issue prior to filing a grievance." (ECF No. 30 PageID.250.) The Magistrate Judge *did not* conclude that an investigation should have taken place prior to rejecting the grievance. Defendant's objection addresses a finding in the alternative (assuming that the Plaintiff's statement in the grievance was ambiguous, which it was not). The objection, even if upheld, does not alter the outcome.

Objection 2. Defendant argues the Magistrate Judge should have dismissed the claim against him because the complaint fails to allege any claim based on events on March 3. This objection is overruled. The objection accurately describes the complaint, but ignores the

record and the reasoning in the R&R. The Magistrate Judge notes that Plaintiff's complaint fails to identify any date on which Defendant allegedly denied medical services. The Magistrate Judge then concludes that Plaintiff's claim against Sperling should be limited to the failure to provide treatment on March 3, the date identified in the grievance. Because the grievance identifies only March 3, only a claim on that date was administratively exhausted. For this motion, the Court must view the evidence in the light most favorable to Plaintiff. To the extent the failure to treat on March 3 is a disputed fact (Defendant denying seeing Plaintiff on March 3), the Court must view the evidence in the light most favorable to Plaintiff.

The Court sympathizes with the individuals in our State's prison system who are tasked with reviewing prisoner grievances. Their job is not easy. In the Court's experience, many of the grievances submitted fail to follow the required procedures. In the Court's experience, for varying reasons many prisoners have difficulty providing the information requested on the grievance forms. That said, Plaintiff's grievance should not have been rejected for the reason identified by the MDOC. And, as articulated by the Magistrate Judge, any explanation provided for the rejection was not even reasonable. The Court expresses no opinion about merits of Plaintiff's claim.

For these reasons, the Court **ADOPTS as its Opinion**, the Report and Recommendation. (ECF No. 30.) The Court **DENIES** Defendant Sperling's motion for summary judgment. (ECF No. 19.) **IT IS SO ORDERED.**

Date: December 9, 2020         /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge