UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SALAMI,

       Plaintiff,                              Hon. Paul L. Maloney

v.                                             Case No. 1:20-cv-541

KYLE SPERLING, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       For the reasons discussed below, and pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the present action be dismissed for failure to prosecute.

       As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

       When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the

party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed.

Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." Plaintiff was previously an inmate in the custody of the MDOC, but was released from custody on May 25, 2021. *See* Michael Salami, available at https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=879045 (last visited on June 30, 2021). More than one month has passed since Plaintiff was released from prison and she has failed to provide the Court with her current address. Plaintiff's failure constitutes willful disregard of the Court's rules which prejudices Defendants' ability to defend against Plaintiff's claims. While Plaintiff has not previously been warned by the Court that dismissal of her claims might result from her refusal to comply with the aforementioned rule, this Recommendation will serve as such a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

## CONCLUSION

For the reasons articulated herein, the Court recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 9, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge